IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case No.: 7:21-cv-209

| | |
|---|---|
| NEW HANOVER REGIONAL MEDICAL CENTER N/K/A NHW HEALTHCARE, INC., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     **NOTICE OF REMOVAL**<br>) |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY AND ZURICH AMERICAN INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

Defendants American Guarantee and Liability Insurance Company ("AGLIC") and Zurich American Insurance Company ("Zurich") (collectively the "Insurers"), by and through undersigned counsel, hereby removes the above-captioned case from the Superior Court of New Hanover County, North Carolina, to the United States District Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. § 1332, 1441, and 1446. In support of this Notice of Removal, the Insurers state as follows:

1. On or about September 14, 2021, Plaintiff filed a civil action against the Insurers in the Superior Court of New Hanover County, North Carolina, under Case No. 21-CV-003513. A copy of the Summons and Plaintiff's Complaint is attached to this Notice of Removal as Exhibit A, and incorporated herein by reference.

2. The Insurers were served with the Summons Complaint pursuant to North Carolina General Statute § 58-16-30. Plaintiff also sent a copy of the Summons and Complaint to the Legal Department of AGLIC via UPS Next Day Air on November

3, 2021. The Insurers received a copy of the Summons and Complaint on November 4, 2021.

3.  The Insurers have filed this Notice of Removal within 30 days of receipt of the Complaint, through service or otherwise, as required by 28 U.S.C. § 1446(b).

4.  There have been no further proceedings in this matter in the Superior Court of New Hanover County, North Carolina, to date.

5.  Subject matter jurisdiction rests with the Federal Courts in this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

6.  Removal of this action to this Court is proper under 28 U.S.C. § 1441(a), as this Court would have original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7.  Venue is proper in the Southern Division in accordance with 28 U.S.C. §§ 113(b) and 1441(a).

## **REMOVAL IS PROCEDURALLY PROPER**

8.  This Notice has been filed before the expiration of thirty days from the date the Insurers first received a copy of the Summons and Complaint by service or otherwise. Therefore, removal of this action is timely pursuant to 28 U.S.C. § 1446(b).

9.  Contemporaneous with the filing of this Notice, the Insurers are serving a copy of this Notice of Removal on counsel for Plaintiff, and are filing a copy of this Notice of Removal with the Clerk of the Superior Court of Durham County, North Carolina, where this action was originally filed, as required by 28 U.S.C. § 1446(d).

## DIVERSITY OF CITIZENSHIP

10. This is a civil action between citizens of different states.

11. Plaintiff alleges in its Complaint that it is a North Carolina Non-Profit Corporation with its principal place of business in New Hanover County, North Carolina. *See* Compl. at ¶ 1.

12. AGLIC is a corporation organized under the laws of New York with its principal place of business in Illinois. Zurich is a corporation organized under the laws of New York with its principal place of business in Illinois.

13. This lawsuit is not a "direct action" against an insurer of a policy or contract of liability insurance as prescribed under 28 U.S.C. § 1332(c)(1). *See Corn v. Precision Contracting, Inc.*, 226 F. Supp. 2d 780, 782 (W.D.N.C. 2002) (holding that a "direct action" is a tort lawsuit in which a plaintiff with a claim against an insured person sues the insurer directly). Thus, Defendants are citizens of New York and Illinois for purposes of determining diversity of citizenship, both now and at the time of the filing of this lawsuit. 28 U.S.C. § 1332(c)(1).

14. There is complete diversity of citizenship as required by 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

15. In its Complaint, Plaintiff alleges that it entered into an insurance contract with AGLIC bearing policy number ZMD3589919-17 (the "Policy").[1]

16. Plaintiff alleges that its "medical complex including related buildings and associated improvements," located at 2131 South 17th Street, Wilmington, North

---

[1] The Insurers contend that Plaintiff improperly named Zurich American Insurance Company as a defendant in this action.

Carolina 28402, suffered substantial damages as the result of Hurricane Florence. *See* Compl. at ¶¶ 6, 8. Plaintiff seeks to compel an appraisal of the property, Compl. at ¶¶ 17-22. Plaintiff also asserts claims for breach of contract, Compl. at ¶¶ 23-27, breach of the covenant of good faith and fair dealing, Compl. at ¶¶ 28-32, and violation of the North Carolina Unfair and Deceptive Trade Practices Act based upon alleged unfair claim settlement practices under North Carolina General Statute § 58-63-15, Compl. at ¶¶ 33-41. Finally, Plaintiff seeks a declaration from the Court that the Insurers had a duty to compensate Plaintiff and provide remedies as allowed under the Policy. Compl. at ¶¶ 42-45.

17. Plaintiff seeks to recover damages in an amount "in excess of $25,000.00" for its Second, Third, and Fourth Claims for Relief. Compl. at ¶¶ 26, 31 and 39. Plaintiff has alleged no "outer limit" for its damages. *See Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, No. 1:19CV210, 2019 WL 2992219 at *5 (M.D.N.C. July 9, 2019). Plaintiff further alleges that it is entitled to "treble its contract and compensatory damages." Compl. at ¶ 40.

18. "[W]here the total amount in controversy is not readily apparent from the face of the complaint, the district court should independently determine the reasonable value of the claims . . . ." *Quality Labels*, 2019 WL 2992219 at *3. "When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages, available to" the plaintiff. *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001).

19. Any one of these claims, after trebling, would exceed the $75,000 jurisdictional threshold for removal exclusive of interests and costs.

WHEREFORE, American Guarantee and Liability Insurance Company and Zurich American Insurance Company, respectfully remove this action to the United States District Court for the Eastern District of North Carolina.

This the 2nd day of December, 2021.

        **TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

        BY: /s/ J. Matthew Little
            J. Matthew Little – N.C. State Bar No. 20032
            Daniel T. Strong – N.C. State Bar No. 49546
            Post Office Box 19207
            Raleigh, North Carolina 27619-9207
            Telephone: (919) 873-0166
            Facsimile: (919) 873-1814
            mlittle@teaguecampbell.com
            dstrong@teaguecampbell.com

            William A. Bulfer – N.C. State Bar No. 31424
            117 Cherry Street North
            Asheville, North Carolina 28801
            Telephone: (919) 805-5017
            Facsimile: (919) 873-1814
            wbulfer@teaguecampbell.com

            *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date, served the foregoing **Notice of Removal** upon all other parties to this cause by depositing a copy hereof, postage paid, in the United States Mail, and by e-mail addressed to the parties or attorneys for said parties as follows:

> Stephanie U. Eaton
> Matthew W. Georgitis
> Lee D. Denton
> **SPILMAN THOMAS & BATTLE, PLLC**
> 110 Oakwood Drive, Ste. 500
> Winston-Salem, North Carolina 27103
> Telephone: (336) 725-4710
> Facsimile: (336) 725-4476
> seaton@spilmanlaw.com
> mgeorgitis@spilmanlaw.com
> ldenton@spilmanlaw.com

This the 2nd day of December, 2021.

        **TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

        BY: /s/ J. Matthew Little
          J. Matthew Little – N.C. State Bar No. 20032
          William A. Bulfer – N.C. State Bar No. 31424
          Daniel T. Strong – N.C. State Bar No. 49546